**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV-06-3121-PHX-SRB |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Sue Taylor, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

This matter arises on Respondent's "Motion for Sixty to Ninety Day Continuance to Seek Competent and Effective Assistance of Counsel as Envisioned by the Sixth Amendment." (docket # 50[1])

**BACKGROUND**

On May 25, 2006, the United States commenced a civil action pursuant to 26 U.S.C. §§ 7402(a) and 7604(a) to enforce an Internal Revenue Service ("IRS") summons issued to Sue Taylor. (docket # 1) The IRS summons was issued to Taylor on December 7, 2004 ordering her to produce "books, records, papers, and other data" relating to the collection of her tax liability for the tax periods ending December 31, 1997 and December 31, 1998. (docket # 1, Exh. 1) The District Court set a show cause hearing for July 17, 2006. (docket # 3) When Taylor failed to appear on July 17, 2006 as ordered, the Court issued an

---

[1] The pending motion is also docketed as # 35 in case number, MC-06-063-PHX-SRB.

order enforcing the IRS summons and ordered Taylor to produce the materials described in the IRS summons within 45 days of the Court's Order.  (dockets # 11, # 12) The Court warned Taylor that noncompliance may result in a finding of civil contempt.  (docket # 12)

Based on Taylor's failure to comply with the Court's July 17, 2006 Order, the United States filed a Motion to Show Cause for Contempt against Taylor.  The Court set a November 27, 2006 hearing for Taylor to show cause why she should not be held in contempt.  When Taylor failed to appear for the show cause hearing, the Court found her in civil contempt of its July 17, 2006 Order and issued a bench warrant for her arrest. (dockets # 16, # 17)

Taylor was arrested on January 12, 2007 and appeared before the undersigned. (docket # 22) In view of the possibility that Taylor could be detained, the Court appointed Assistant Federal Public Defender Tracy Friddle to represented Taylor solely for the proceedings on January 12, 2007. (docket # 22)  The undersigned ordered Taylor detained until she fully complies and produces the documents in accordance with the Court's July 17, 2006 Order and the IRS summons.  (Id.) Taylor informed the Court that she would retain counsel to represent her in this matter. (Id.)  The undersigned set a January 19, 2007 hearing regarding purging the contempt order.   (docket # 22) On January 19, 2007, Marc Jeffery Victor entered his appearance as counsel for Taylor.  (docket # 23)  Several hours before the hearing regarding purging the contempt order, the United States filed a sealed document notifying the undersigned that on December 5, 2006, the Department of Treasury referred a recommendation for the prosecution of Sue Taylor for violating 26 U.S.C. § 7212(a). (docket # 24, sealed)

In view of the foregoing developments, the Court ordered the United States to show cause why the undersigned should not recommend that United States District Judge Susan R. Bolton vacate her July 17, 2006 Order and related Orders (dockets # 11, 12, 17, and 19) The Court permitted Taylor to file a reply.  The Court also ordered Taylor released on conditions upon the posting of a cash bond.  (dockets # 30- # 35)

1      On February 15, 2007, Taylor's retained counsel filed briefing in accordance with the

2  Court's Order.  (docket # 45) Taylor's retained counsel also appeared before the Court on

3  February 14 and 15, 2007 regarding modifying Taylor's release conditions.  (dockets # 44,

4  46)

5      Thereafter, on January 23, 2007, Taylor filed a *pro se* Notice of Termination of

6  Counsel. (docket # 36) After voluntarily terminating her retained counsel, Taylor now seeks

7  a lengthy stay of this matter while she locates new counsel.  (docket # 35)

8                  **ANALYSIS**

9      Taylor cites the Sixth Amendment, Federal Rule of Criminal Procedure 45(b)(1), and

10  several criminal cases interpreting the Sixth Amendment in support of her request for a stay.

11      As an initial matter, Taylor's reliance on Fed.R.Crim.P. 45(b)(1) is misplaced because

12  the Federal Rules of Criminal Procedure do not apply in this civil matter.

13      Second, Taylor's reliance on the Sixth Amendment and criminal cases interpreting the

14  Sixth Amendment is also misplaced. "The protections provided by the Sixth Amendment are

15  explicitly confined to criminal prosecutions." Austin v. United States, 509 U.S. 602, 608

16  (1993)(citation omitted).   Although this is a civil matter, the Court previously appointed

17  counsel for the limited purposes of representing Taylor during the January 12, 2007 contempt

18  hearing because the possibility of Taylor's incarceration raised due process concerns.  In re

19  Rainsford J. Winslow, 131 B.R. 171, 173 (D.Colo. 1991)(finding that *pro se* debtors had to

20  be advised of their right to counsel in proceedings to hold debtors in civil contempt because

21  the right to counsel turns on whether the proceeding may result in a deprivation of liberty.)

22  However, in the normal course of a civil matter, a litigant is not entitled to counsel. Austin,

23  509 U.S. at 608.  Thus, Taylor's desire to locate a new attorney does not provide a basis for

24  staying this civil matter.  Moreover, there are currently no court hearings scheduled or

25  briefing due which would require the assistance of counsel.   Likewise, there are no pending

26  deadlines in this matter to be stayed pending Taylor's location of new counsel.   The Court

27  finds no basis for staying this matter while Taylor seeks new counsel.

28      In view of the foregoing,

1    IT IS HEREBY ORDERED that Respondent's "Motion for Sixty to Ninety Day

2  Continuance to Seek Competent and Effective Assistance of Counsel as Envisioned by the

3  Sixth Amendment"  (docket # 50 in CV-06-3121-PHX-SRB, also docketed as # 35 in the

4  predecessor to this case, MC-06-063-PHX-SRB) is **DENIED**.

5    DATED this 1st day of March, 2007.

6

7

8

9    Lawrence O. Anderson
     United States Magistrate Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28