**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CV-06-3121-PHX-SRB |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Sue Taylor, ) | |
| ) | |
| Respondent. ) | |
| ) | |

      This matter is before the undersigned on referral from United States District Judge Susan R. Bolton pursuant to 28 U.S.C. § 636(b). (docket # 48)

### **BACKGROUND**

      On May 25, 2006, the United States commenced an action pursuant to 26 U.S.C. §§ 7402(a) and 7604(a) to enforce an Internal Revenue Service ("IRS") summons issued to Respondent Sue Taylor ("Taylor"). (docket # 1) The District Court set a show cause hearing for July 17, 2006. (docket # 3) When Taylor failed to appear on July 17, 2006 as ordered, the Honorable Susan R. Bolton, United States District Judge, issued an order enforcing the IRS summons and ordered Taylor to produce the materials described in the IRS summons within 45 days of the Court's Order. (dockets ## 11,12) The Court warned Taylor that noncompliance may result in a finding of civil contempt. (docket # 12)

1  Taylor's subsequent failure to comply with the Court's July 18, 2006[1] Order
2  prompted the United States to file a Motion to Show Cause for Contempt against Taylor.
3  The Court set a November 27, 2006 hearing for Taylor to show cause why she should not be
4  held in contempt. When Taylor failed to appear for the show cause hearing, Judge Bolton
5  found her in civil contempt of its July 18, 2006 Order and issued a bench warrant for her
6  arrest. (dockets ## 16, 17)

7  Taylor was arrested on January 11, 2007 and appeared before the undersigned
8  as the criminal duty Magistrate Judge. (docket # 22) The undersigned ordered Taylor
9  detained, consistent with Judge Bolton's November 28, 2006 Order, until Taylor fully
10 complies with Judge Bolton's July 17, 2006 Order and produces the documents in accordance
11 with the IRS summons. (docket # 22)  The undersigned set a January 19, 2007 status
12 hearing regarding Taylor's efforts, if any, to purge the contempt order. (docket # 22) Several
13 hours before the hearing, the United States filed a sealed document notifying the undersigned
14 that on December 5, 2006, the Department of Treasury referred a recommendation for the
15 prosecution of Sue Taylor for violating 26 U.S.C. § 7212(a). (docket # 24, sealed)  On
16 January 9, 2007, the IRS made a referral to the United States Justice Department
17 recommending the initiation of a grand jury investigation of Sue Taylor related to potential
18 violations of Title 26 and other tax related offenses. (Id.) On January 17, 2007, a grand jury
19 was authorized to investigate matters covered in the two separate recommendations. (Id.)

20 Recognizing that these developments could hinder Taylor's ability to comply
21 with the Judge Bolton's July 18, 2006 and related orders, the undersigned ordered Taylor
22 released on conditions including the posting of a $100,000 cash bond. (dockets # 30-34) On
23 January 19, 2007, the $100,000 cash bond was posted by R.J. McBride on behalf of Taylor
24 and she was released on conditions. (dockets ## 32-35) Thereafter, on March 7, 2007, the
25 United States filed a Notice of Levy, addressed to the Clerk of the Court, stating that it

---

[1] The Order was signed by Judge Bolton on July 17, 2006 but was not entered on the docket by the Clerk until July 18, 2006.

- 2 -

"attaches to the $100,000 cash bond [and the IRS] expect[s] disbursement of the bond to the IRS only when the court determines the bond is to be released" posted for and on behalf of Taylor. (docket # 56)  The IRS claims that Taylor owes roughly $200,000 in taxes assessed for the tax period ending December 31, 1998.  (Id.)  The Notice of Levy does not indicate that non-party R. J. McBride was served with the Notice.

After learning of the Notice of Levy, on March 12, 2007, R. J. McBride filed a letter claiming that he posted the bond for Taylor and asserting that the Court is not authorized to "release it to anyone other than the issuer." (docket # 60)  The Court construes McBride's letter as a challenge to the IRS's levy.

## ANALYSIS

As an initial matter, McBride's challenge to the IRS's levy is premature. Taylor is still released on bond and the issue of exonerating the bond is not before the Court. Additionally, McBride's letter is not in the proper form of a motion as required by the Court's Local Rules. LRCiv. 7.1(a)(3) and 7.2.  Moreover, even if the issue of exonerating the bond were before the Court, this Court lacks jurisdiction to address the validity of the IRS levy in a bail exoneration proceeding.

An IRS's notice of levy is authorized by Internal Revenue Code § 6331 which provides that:

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

26 U.S.C. § 6331(a).  Section 6331 authorizes the IRS to levy upon "all property and rights to property" belonging to the delinquent taxpayer.  Section 6331 does not make an exception for bonds. *United States v. Badger (Badger II)*, 930 F.3d 754, 756-57 (9th Cir. 1991). "Moreover, there is no requirement that the IRS prove that any portion of property being levied upon belongs to the delinquent taxpayer before it can levy on the property." *Id.* at 757.

1    Thus, any person "other than the person against whom is assessed the tax out
2 of which such levy arose" who wishes to contest the IRS's levy, must bring a wrongful levy
3 action under I.R.C. § 7426.[2] *Id.*; 26 U.S.C. § 7426(a).  In view of the relevant provisions of
4 the Internal Revenue Code, this Court lacks the authority to determine the ownership of the
5 bond in the context of this matter. *Id.*  see also, *Capital Tracing, Inc. v. United States*, 63
6 F.3d 859 (9th Cir. 1995).  Rather, when it is time to exonerate the bond, this Court is required
7 "to honor the IRS's levy without inquiring into its validity or determining how much of the
8 . . . bond belongs to" McBride. *Badger II*, 930 F.3d at 756; *United States v. Doyal*, 462 F.2d
9 1357 (5th Cir. 1972) (concluding that the IRS could not be restrained from levying on a bond
10 unless a separate suit was brought under I.R.C. § 7426.)

11    In view of the foregoing, the Court concludes that R.J. McBride's March 12,
12 2007 letter challenging the IRS's levy (docket # 60) is not properly before the Court.  The
13 letter is neither in the proper form required by the Local Rules, LRCiv. 71.(a)(3), nor does
14 it properly raise an issue which may be reviewed by the District Court in this proceeding.
15 Absent an agreement with the I.R.S., if R.J. McBride wishes to contest the Notice of Levy,
16 he must file an action authorized by Title 26 U.S.C. § 7426.

17    In accordance with the foregoing,

18    **IT IS ORDERED** that the Clerk of Court shall **STRIKE** the letter filed on
19 March 12, 2007 (docket # 60) by R.J. McBride without prejudice.

---

[2] Section 7426 provides, in part:
(a) Actions permitted.--
(1) Wrongful levy.--If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

**IT IS FURTHER ORDERED** that the Clerk shall mail R.J. McBride a copy of this Order to the P.O. Box identified in docket # 60.

DATED this 23rd day of March, 2007.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge